State, ex rel. Carlberg, v. Metropolitan Water District.

———

STATE, EX REL. C. GEORGE CARLBERG, APPELLANT, V.
METROPOLITAN WATER DISTRICT, APPELLEE.

FILED APRIL 30, 1920.   No. 21344.

1. Waters: WATER-WORKS: EXTENSIONS: ASSESSMENTS: MANDATORY STATUTE. The provision of section 5267, Rev. St. 1913, as amended, chapter 53, Laws 1919, which requires the assessment of special benefits to pay the cost of water main extensions in water main districts "upon all real estate in said water main district," is mandatory.

2. ———: MANDAMUS: ESTOPPEL. Under the facts stated in the opinion, held that relator is not estopped to maintain this proceeding.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. Reversed, with directions.

Thomas Lynch, for appellant.

John L. Webster, contra.

LETTON, J.

This was an application for a writ of mandamus. The district court denied the writ, and relator appeals. The case was submitted upon the pleadings and an affidavit filed by respondent.

The controversy arises from the following state of facts. The metropolitan water district of Omaha is authorized by law to create water main districts and to levy special assessments to pay the cost of the exten·sion of water mains therein. The plaintiff owns a corner lot at the intersection of Frederick street and Hanscom Park boulevard, facing 48 feet and 4 inches on Frederick street and 128 feet and 3 inches on Hanscom Park boulevard. He desired to extend a private water pipe from the main on Frederick street to two houses on the lot facing on the boulevard, but respondent refused permission unless relator signed a waiver of objections to a further assessment if a water main district was created on the boulevard. This he refused to do. The water main district includes the whole of each lot in the half block facing on Frederick street.

It is the purpose of the respondent in future to create a water main district and lay water mains along Hanscom Park boulevard in front of the two houses. The omitted two-thirds of the lot will then be assessed, with other real estate fronting upon the boulevard, for its proportionate part of the cost of the main. It has been the uniform rule and custom of the water district board to assess corner lots in Omaha upon this plan, so that the two-thirds of a lot facing upon a side street may be afterwards assessed to pay the cost of water mains on that street, and other corner lots in the district have been assessed in like manner.

Notice was duly published that the board of directors of the metropolitan water district would sit as a board of equalization at the city hall in Omaha on November 5, 1919, for the purpose of correcting errors, hearing

complaints, and for the purpose of considering and equalizing the proposed assessment. The notice described several pieces of real estate, among them "the south 42.78 feet of said lot thirteen (13)." The amount of the assessment made was $24.17. Relator did not appear, and made no objection to the assessment. The board found that the special benefits were as assessed, and levied the same against that part of the lot.

The board alleges that relator has practically subdivided the lot by erecting the three houses thereon, and that if he were permitted to connect the houses upon the rear end of his lot with the main on Frederick street, without executing such a waiver, he might afterwards object to paying any part of the cost of laying the water main upon the boulevard, on the ground that he already had connection with a water main and would receive no special benefits from the new main.

The respondent brings forward as reasons for the denial of the writ that the failure of relator to protest before the board of equalization deprives him of any right to complain of the assessment; that the statute give a right of appeal from its decisions; that this is his only remedy, and he is estopped by reason of his silence.

The principal argument of relator is that section 5267, Rev. St. 1913, as amended in 1919 (Laws 1919, ch. 53), which requires the assessment of special benefits "not exceeding fifty cents per front foot upon all real estate in said main district," is mandatory, and requires the assessment to be made against the entire lot; that, having included the whole of the lot in the district, the board must tax it. He calls attention to another provision of the same section: "No real estate in any city or village shall be subjected to more than one special tax or assessment for the extension or enlargement of water mains." He also denies that any estoppel has arisen against him.

104 Neb.—32

As to the asserted estoppel: We understand that relator is not raising any objection to paying the amount assessed. He is making no complaint as to the amount of benefits assessed and charged against the lot, and it is immaterial to him whether the tax is a lien on the whole lot or only upon one-third of it. He would therefore have gained nothing by appearing and objecting to the assessment. We think no estoppel arose under such circumstances.

Respondent argues that section 4343, Rev. St. 1913, providing, in substance, that after the board of equalization has acted "no court shall entertain any action for relief against such special assessment, except upon appeal from such final order, which remedy shall be deemed exclusive," effectually bars relator of any right of action such as this. But relator is not asking "relief against such special assessment." He stands ready and willing to pay the same.

It is argued that the district board has express power to make rules and regulations relating to water service, and that if relator complies with its rules he may have the permit. The regulatory powers of the board, however, must be exercised in conformity with the statute. Respondent points out that the statute under which assessments are made makes no reference to the original plat of the ground. There is nothing in the law therefore, to prevent the inclusion of part of a lot or tract within, and the exclusion of another part from the limits of a district.

The statute seems plain. "All real estate in said water main district" should be assessed, as the statute directs. If the board desired to reserve the right to assess the cost of laying another main on the side street upon the rear two-thirds of the lot, it should have made the boundaries of the district include only the property it desired to assess.

The denial of the permit seems to us to be unwarranted by the law. The judgment of the district court is reversed and the cause is remanded, with direction to issue the writ, as prayed.

REVERSED.

FLANSBURG, J., not sitting.